UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: <br><br> Gerald R. Kelly, Sr., and <br> Kimberly G. Kelly, <br><br> Debtors. | Case No. 18-00472-HAC-13 |
| Gerald R. Kelly, Sr., and <br> Kimberly G. Kelly, <br><br> Plaintiffs, <br><br> v. <br><br> United States Department of Education, <br><br> Defendant. | Adv. Proc. No. 23-1007-HAC |

**FINAL ORDER DETERMINING DISCHARGEABILITY**

This matter came before the Court on the parties' Stipulation and Joint Motion for Order Determining Dischargeability [Doc. 26]. Upon consideration of the Stipulation and Joint Motion, the record and the statements of counsel, the Court finds as follows:

Though student loan debts are generally not to be discharged under the Bankruptcy Code, a narrow exception exists where "excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). The Eleventh Circuit has joined the significant majority of other circuits in adopting the standard set forth in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395, 396 (2d Cir. 1987) to determine when an "undue hardship" exists. *In re Cox*, 338 F.3d 1238, 1241-42 (11th Cir. 2003). The *Brunner* test requires the debtor to show:

> "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans."

*Graddy v. Educ. Credit Mgmt. Corp. (In re Graddy)*, 852 F.App'x 509, 512 (11th Cir. 2021) (quoting *In re Cox*, 338 F.3d at 1241). The debtor must prove that all three *Brunner* factors are met by a preponderance of the evidence. *In re Mosley*, 494 F.3d 1320, 1324 (11th Cir. 2007). However, "the bankruptcy court must make an independent determination of undue hardship . . . even if the creditor fails to object or appear in the adversary proceeding." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 278 (2010).

The Eleventh Circuit has not foreclosed the possibility of a partial discharge of student loans but has held that such a discharge would still have to be supported by a finding of undue hardship. *Cox*, 338 F.3d at 1242 ("There is no other language within § 523(a)(8) that could reasonably be construed to permit a discharge, partial or otherwise, absent a finding of 'undue hardship.'"). Other courts considering a partial discharge have held that "discharging some, but not all, student loans, is not a 'partial discharge.'" *Clark v. Wells Fargo Bank, N.A. (In re Clark)*, Nos. 15-42603-BEM, 18-4012, 2021 Bankr. LEXIS 3257, at *2 n.1 (Bankr. N.D. Ga. Nov. 29, 2021) (citing *Andresen v. Nebraska Std Loan Program, Inc.*, 232 B.R. 127, 136-37 (B.A.P., 8th Cir. 1999)).

Here, the parties agree that Plaintiffs have satisfied the *Brunner* test and shown that excepting all of Plaintiffs' student loan debts from discharge will impose an undue hardship on Plaintiffs. Specifically, the parties agree that:

(1)    Based on Plaintiffs' current gross monthly income of $15,585.79

       measured against their payroll deductions, housing expenses, and the

monthly expense allowances under IRS's National and Local Standards for Living Expenses, which total $15,001.39, Plaintiffs cannot maintain a minimal standard of living and also make the required total monthly payment toward their student loan debts;

(2) Based on Plaintiffs' attestations, Plaintiffs inability to make full payments toward their student loans while maintaining a minimal standard of living will likely persist for a significant portion of the repayment period;

(3) Based on Plaintiffs' previous payments, numerous forbearances, and attempts to enroll in an Income Driven Repayment Plan, Plaintiffs have made good faith efforts in the past to repay their student loan debts.

(4) Based on Plaintiffs' disclosures, Plaintiffs can make up to $584.40 monthly payments toward their student loans.

Therefore, the Court agrees that excepting all of Plaintiffs' student loan debts from discharge will impose an undue hardship on Plaintiffs. Accordingly, the Court GRANTS the parties' joint motion and ORDERS as follows:

1. Plaintiffs' following prepetition student loan debts are dischargeable under 11 U.S.C. § 523(a)(8):

For Gerald Kelly:

| | |
|---|---|
| NSLDS 7: University of West Alabama | $2,713.10 |
| NSLDS 8: University of West Alabama | $2,423.72 |
| NSLDS 9: University of West Alabama | $933.58 |
| NSLDS 10: University of West Alabama | $3,069.44 |
| NSLDS 11: University of South Alabama | $28,385.51 |

| NSLDS 12: University of South Alabama | $1,655.84 |
| --- | --- |
| NSLDS 13: University of South Alabama | $14,199.42 |
| TOTAL: | $53,380.61 |

For Kimberly Kelly:

| NSLDS Loan 17: University of West Alabama | $ 3,499.78 |
| --- | --- |
| NSLDS Loan 18: University of West Alabama | $ 5,964.06 |
| NSLDS Loan 19: University of West Alabama | $15,034.02 |
| NSLDS Loan 20: University of West Alabama | $11,789.10 |
| NSLDS Loan 23: University of West Alabama | $10,809.85 |
| NSLDS Loan 24: University of West Alabama | $32,000.46 |
| TOTAL: | $79,097.27 |

2. The Court's order granting Plaintiffs' discharge under 11 U.S.C. § 1328 on March 1, 2023, in Bankruptcy Case No. 18-00472 at Doc. 78 discharges Plaintiffs' prepetition student loan debts listed above.

3. The remainder of Plaintiffs' prepetition student loan debts remain excepted from discharge under 11 U.S.C. § 523(a)(8).

Dated: August 26, 2024

_____
HENRY A. CALLAWAY
U.S. BANKRUPTCY JUDGE

Order prepared by:
Keith A. Jones, AUSA
Consented to by: Dragan Stojanovic, Counsel for Plaintiffs